# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| DONALD RAY SCOTT, JR., | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 3:07-CV-2068-N (BH) |
| | ) | ECF |
| NATHANIEL QUARTERMAN, Director, | ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal | ) | |
| Justice, Correctional Institutions Division, | ) | |
| Respondent. | ) | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

## I. BACKGROUND

Petitioner, an inmate currently incarcerated in Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his Dallas County convictions for aggravated robbery in Cause Nos. F-97-77571-KM and F-97-77572-KM in the 194th District Court. Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

According to petitioner, he was convicted of aggravated robbery in both cases on April 27, 1998, and sentenced to 30 years' incarceration. Both convictions were affirmed on appeal on February 1, 1999. Petitioner did not file petitions for discretionary review (PDR). On August 7, 2006, petitioner filed state habeas applications, which were denied by the Texas Court of Criminal Appeals on April 12, 2007.

Petitioner filed the instant petition on December 7, 2007, when he placed it in the prison mail system. *See Coleman v. Johnson,* 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

Petitioner asserts that his appellate attorney was ineffective because he failed to advise Petitioner that the appeals court had affirmed his conviction, and that he had a right to file a petition for discretionary review. According to Petitioner, his attorney died in 2000.

## II. STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed the instant petition after its effective date, the Act applies to his petition.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts support-ing the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented

him from filing his federal petition.  Nor does he base his petition on any new constitutional right

under subparagraph (C).  Thus, as § 2244(d)(1) relates to this case, the Court will calculate the

one-year statute of limitations from the latest of (A) the date petitioner's convictions became

final or (D) the date on which he knew or should have known with the exercise of due diligence

the facts supporting his claims.

In this case, petitioner appealed his convictions but filed no PDR.  The state convictions

therefore became final for purposes of § 2244(d) upon the expiration of the time for seeking

further review through the filing of a PDR, *i.e.*, thirty days after the appellate court rendered its

judgments on February 1, 1999.  *See Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003)

(rejecting reliance upon the date of mandate and relying on TEX. R. APP. P. 68.2 for the thirty

day period to file a PDR).  Petitioner's state judgment of conviction became final on March 3,

1999.

With regard to subparagraph (D), the Court determines that the facts supporting the

claims raised in the instant petition for habeas relief also became known or could have become

known at the latest on July 12, 2001, the date he states he became aware that his convictions had

been affirmed when he received a copy of the appellate court's opinion from the state court.

Because petitioner filed his petition more than one year after his convictions became final

on March 3, 1999, and more than one year after he became aware this his convictions had been

affirmed, a literal application of § 2244(d)(1) renders his December 7, 2007 filing untimely.

## III.  TOLLING

The AEDPA expressly and unequivocally provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*."  28 U.S.C. § 2244(d)(2) (emphasis added).  Thus, the clear language of § 2244(d)(2) mandates that petitioner's time calculation be tolled during the period in which his state habeas application was pending before the Texas state courts.  *See also Henderson* v. *Johnson*, 1 F. Supp. 2d 650, 652 (N.D. Tex. 1998) (holding that the filing of a state habeas application stops the one-year period until ruling on state application).

When petitioner filed his state petitions on August 7, 2006, the statutory limitations period had already expired.  Accordingly, the statutory tolling provision does not save petitioner's  December 7, 2007 federal petition.  In addition, nothing in the petition indicates that rare and exceptional circumstances warrant equitable tolling.  *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (recognizing that statute of limitations is subject to equitable tolling); *Henderson* v. *Johnson*, 1 F. Supp. 2d 650, 654 (N.D. Tex. 1998) (same).

Because neither statutory nor equitable tolling save petitioner's December 7, 2007 filing, his federal habeas petition was filed outside the statutory period of limitations and should be deemed untimely.

## III.  EVIDENTIARY HEARING

Based upon the information before the Court, the instant action is untimely and an evidentiary hearing appears unnecessary.

4

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court find the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 barred by statute of limitations and **DENY** it with prejudice.

**SIGNED this 29th day of February, 2008.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE